CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
June 03, 2025
LAURA A. AUSTIN, CLERK
BY: s/B. McAbee
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| BRADFORD M. KENDRICK, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 4:19-cv-00047 |
| CARTER BANK & TRUST, INC., | ) By: Elizabeth K. Dillon |
| Defendant. | ) Chief United States District Judge |

**MEMORANDUM OPINION AND ORDER**

After prevailing on its motion for summary judgment—and after the Fourth Circuit affirmed that decision on appeal—defendant Carter Bank & Trust, Inc. (the Bank) filed a bill of costs, requesting the court tax costs of $13,386.45 to plaintiff Bradford Kendrick pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920. (Bill of Costs, Dkt. No. 240.) Kendrick objected, arguing that the bill of costs should be denied in whole or in part. (Objections, Dkt. No. 241.) The Bank filed no reply.

For the following reasons, the court will overrule in part and sustain in part Kendrick's objections, will grant in part and deny in part the Bank's bill of costs, and will award costs to the Bank in the amount of $5,058.28.

I. BACKGROUND

Kendrick filed a complaint against his former employer, Carter Bank & Trust, Inc., following his termination on May 29, 2020, asserting claims of harassment and retaliation in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. The Bank subsequently moved for summary judgment, which this court granted on March 29, 2024. (Dkt. Nos. 232, 233.) Kendrick appealed, and on March 21, 2025, the Fourth Circuit issued a decision

affirming this court's ruling. (Dkt. No. 238.)

The Bank submitted a bill of costs to be paid by Kendrick, requesting $13,386.45 in fees "for printed or electronically recorded transcripts necessarily obtained for use in the case." (Bill of Costs 1.) The Bank's bill of costs is supported by appropriate documentation. (*See generally id.*)

Kendrick objects to the Bank's request on four discernable grounds. (*See* Objections.) First, he argues that some of the costs sought—specifically costs for videography, exhibits, and processing fees—are not recoverable under § 1920 and relevant case law. He identifies $2,940.00 in specific charges for deposition-related services that should be excluded. Second, Kendrick argues that the depositions of Joyce Parker and Tammy Ingram were not used in this case, so those costs—$507.75—should be excluded entirely. Third, Kendrick argues that the Bank is attempting to recover the full cost of deposition transcripts obtained during consolidated discovery, even though those transcripts were used across three separate cases. Since the Bank was not the prevailing party in all three cases, Kendrick argues that only a proportionate share—one-third—of the deposition costs should be recoverable in this matter. Finally, Kendrick asks the court to exercise its discretion to deny the bill of costs in its entirety, emphasizing the close and difficult nature of the legal issues presented in the case. Each of these objections is addressed in the sections that follow.

## II. DISCUSSION

### A. Deposition Costs

In his first objection, Kendrick contends that $2,940.00 of the claimed deposition costs are not recoverable under § 1920 and relevant case law. This amount includes $2,715.00 in

videography costs, $135.00 for transcript exhibit costs, and $90.00 in transcript processing fees. The court addresses each of these costs in turn.

1. **Deposition videography costs**

Two of the invoices provided by the Bank reflect $2,715.00 in videography charges for the depositions of Kendrick and David Hart, for which transcript costs are also being claimed. The Fourth Circuit has held that § 1920 "implicitly permits taxation of the costs of video depositions." *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 448 (4th Cir. 1999) (citing *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1477 (10th Cir. 1997)). However, to recover both transcription and videography costs, the prevailing party must "demonstrate[] that both costs were necessarily obtained for use in the case." *Id.* at 449. Here, the Bank has offered no justification showing that both the transcript and videography costs were necessary. Accordingly, the court finds that the $2,715.00 in videography expenses are not recoverable as taxable costs.

2. **Transcript exhibit costs**

The invoice for Kendrick's deposition transcript includes a $135.00 charge for exhibits. Kendrick argues that this amount it not recoverable under § 1920 and relevant case law.[1] Courts in this district have denied costs for the inclusion of exhibits in the deposition transcripts "as these are primarily for the convenience of counsel, who often has a copy of the exhibit at hand already." *Scallet v. Rosenblum*, 176 F.R.D. 522, 529 (W.D. Va. 1997); *See also Clehm v. BAE*

---

[1] The court notes that the case law cited by Kendrick in support of excluding these costs comes from the Eastern District of North Carolina, which has a specific local rule that outlines which items are normally included or excluded from taxable costs. *See* E.D.N.C. Civ. R. 54.1(d). In construing § 1920 alongside that local rule, courts in that district have disallowed recovery for costs of copying deposition exhibits. *See. e.g., Nwaebube v. Employ't Sec. Comm'n of N.C.*, No. 5:09-CV-395-F, 2012 WL 3643667, at *1 (E.D.N.C. Aug. 21, 2012) (disallowing costs of exhibit copies). However, this court has no equivalent local rule and is not bound by the local rules of another district. While the authority cited by Kendrick is therefore not controlling, the court nevertheless finds merit in his objection, albeit under different legal authority.

*Sys. Ordnance Sys., Inc.*, No. 7:16-CV-00012, 2018 WL 3978995 (W.D. Va. Aug. 20, 2018) (adopting report and recommendation, in relevant part, that found prevailing party was not entitled to costs associated with exhibits included in deposition transcript). Accordingly, the court finds that the $135.00 of exhibit-related expenses associated with Kendrick's deposition transcript are not recoverable as taxable costs.

### 3. Transcript processing fees

The Kendrick and Hart deposition transcript invoices each include a $45.00 processing fee that Kendrick contends is not recoverable. "[D]eposition costs reasonably incurred for trial preparation or for use at trial, rather than for the mere convenience of counsel, constitute taxable costs under 28 U.S.C. § 1920(2)." *Cherry*, 186 F.3d at 449 (internal citations and quotations omitted). While courts have disallowed expedited processing fees absent a showing of necessity, *see, e.g.*, *Nigro v. Va. Commonwealth Univ. Med. College of Va.*, No. 5:09-cv-00064, 2012 U.S. Dist. LEXIS 156184, *6 (W.D. Va. Oct. 31, 2012) (citing *Ford v. Zalco Realty, Inc.*, 708 F. Supp.2d 558, 562 (E.D. Va. 2010)), there is no indication that the processing fees at issue here were for expedited services. The record reflects nothing more than standard processing fees associated with ordering transcripts. Accordingly, the court finds that the $90.00 in processing fees fall within the scope of "fees for printed or electronically recorded transcripts necessarily obtained for use in the case," and are therefore recoverable as taxable costs under § 1920(2).

### B. Depositions of Ingram and Parker

Kendrick argues that the Bank did not rely on the depositions of Tammy Ingram or Joyce Parker at any point in the case. Therefore, he contends that these transcripts were "not necessarily obtained for use in the case," and the bill of costs should be reduced by $507.75—the amount charged for the two transcripts.

4

Under § 1920(2), costs for deposition transcripts are taxable if they were "necessarily obtained for use in the case." The Fourth Circuit has held that deposition costs are generally recoverable when the deposition was "reasonably necessary at the time of its taking." *LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987). "While there is case law supporting that depositions not used at trial or to support a dispositive motion are not recoverable," the Fourth Circuit has not required the use of a transcript in a dispositive motion to make it a taxable cost. *Young v. United Parcel Serv., Inc.*, No. DKC 08-2586, 2014 WL 858330, at *4 (D. Md. Mar. 4, 2014) (collecting authority). Instead, where a case does not proceed to trial, deposition transcript costs remain taxable if they were "reasonably necessary for preparation for trial." *LaVay Corp.*, 830 F.2d at 528. Courts within the Fourth Circuit have found that a "deposition taken within the proper bounds of discovery, even if not used at trial, will normally be deemed to be necessarily obtained for use in the case." *Ford v. Zalco Realty, Inc.*, 708 F. Supp. 2d 558, 562 (E.D. Va. 2010) (internal citation and quotations omitted).

Here, there is no indication that the depositions of Ingram or Parker were taken outside the proper bounds of discovery. In fact, the record reflects that Kendrick was the party that filed the notices to take both depositions. (*See* Dkt. Nos. 136, 150.) If Kendrick believed the depositions were necessary for his own trial preparation, he cannot now reasonably claim that they were unnecessary for the Bank's use. Given this context, the court finds that the deposition transcripts of Ingram and Parker were reasonably necessary at the time they were taken. *See Young*, 2014 WL 858330, at *5 (taxing costs for transcripts of an opposing party's noticed depositions); *cf. Hamada v Boeing Co.*, No. 2:19-cv-02777-DCN, 2021 WL 5449658 (D.S.C. Nov. 22, 2021) ("[C]ourts have previously determined that taxation of deposition costs for witnesses who were on the losing party's witness list is reasonable.").

Thus, although the Bank did not rely on the testimony of Ingram or Parker in its summary judgment motion, Kendrick has not shown that their depositions were not reasonably necessary at the time they were taken. Accordingly, the court finds that the $507.75 incurred for the two deposition transcripts is recoverable as a taxable cost.

## C. Depositions Used in Multiple Cases

Kendrick argues that the Bank is attempting to recover the full cost of depositions that were used across three different cases—the present case, *Burnopp v. Carter Bank & Trust*, Case No. 4:20-cv-00052 (W.D. Va.), and *Newell v. Carter Bank & Trust*, Case No. 4:21-cv-00007 (W.D. Va.). These cases were consolidated for discovery purposes pursuant to a joint motion submitted by all parties across the three cases. (*See* Dkt. No. 105.) Because the Bank did not prevail in all three matters, Kendrick argues that only a proportionate share—one-third—of the deposition costs should be recoverable.[2] While Kendrick does not cite any case law in support of his position, the court finds guidance in the Federal Circuit's decision in *Ortho-Mcneil Pharm., Inc. v. Mylan Labs., Inc.*, 569 F.3d 1353 (Fed. Cir. 2009).

In *Ortho-Mcneil*, the Federal Circuit addressed whether a prevailing party may recover the full amount of deposition costs when the same depositions were used in a parallel, related case that settled. There, Daiichi, the prevailing party, sought to recover the entirety of certain deposition costs in its suit against defendant Mylan in the Northern District of West Virginia, despite the fact that those same depositions were used in a separate, related case against a different defendant (Teva) in the District of New Jersey. That case had been settled, with both parties agreeing to bear their own costs as part of the settlement. *Id.* at 1356.

Daiichi argued that because it did not actually receive payment of costs in the Teva

---

[2] In both *Burnopp* and *Newell*, the parties settled, and the cases were dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).

6

settlement, it should be permitted to recover the full amount from Mylan. Mylan objected, arguing that Daiichi had effectively recovered a portion of those costs through the settlement agreement, which included Daiichi's waiver of costs in exchange for Teva foregoing an appeal of the district court's summary judgment decision against it. *Id.* at 1356–57. As such, Mylan was asking the district court to either deny the costs entirely or reduce the award of shared deposition-related costs by 50%. *Id.* at 1357.

The district court agreed with Daiichi, but the Federal Circuit reversed. The court held that Daiichi could not recover the same costs twice—even if the first "recovery" was not monetary but rather part of a negotiated benefit (Teva's waiver of appeal). The court emphasized that a prevailing party may only recover its total entitlement once and noted the heightened risk of double recovery when joint discovery occurs across cases in different jurisdictions. *Id.* at 1357–58. The court acknowledged that, as a default rule, "mechanical allocation by the number of parties sharing [discovery] costs is reasonable." *Id.* at 1358. However, it also recognized that "there may be other considerations that could make such a mechanical allocation inappropriate." *Id.* The court vacated the district court's cost award as it related to the joint depositions and remanded for the lower court to apportion the costs between the two cases. *Id.*

Here, Kendrick raises the same concern identified in *Ortho-Mcneil*—the risk of double— or even triple—recovery where consolidated discovery is conducted in related cases that subsequently settle. The record confirms that counsel from the *Burnopp* and *Newell* matters attended many of the depositions listed in the Bank's bill of costs. (*See e.g.*, Kendrick Dep., Dkt. No. 180-1; Eldridge Dep., Dkt. No. 180-7; Karavatakis Dep., Dkt. Nos. 180-11, 180-13; Speare Dep., Dkt. No. 180-18; Van Dyke Dep., Dkt. No. 180-20; Davis Dep., Dkt. No. 190-6; Carney

Dep., Dkt. No. 190-25.) Accordingly, a two-thirds reduction of those deposition costs is warranted to avoid duplicative recovery.

Conversely, the court notes that counsel from *Burnopp* and *Newell* were not present at several of the other depositions. (*See* Hart Dep., Dkt. No. 180-9; O'Rouke Dep., Dkt. No. 180-15; Peterson Dep., Dkt. No. 180-16; Nelson Dep., Dkt. No. 180-22.) Because those depositions appear to have been used solely in the present case, no reduction is warranted, and the Bank may recover those costs in full.

The Bank also seeks costs for the depositions of Ingram and Parker, which were not cited in its summary judgment motion. (*See* discussion *supra* Section II.B.) The record does not establish whether these depositions were used in *Burnopp* and *Newell*. As the common party in all three actions, the Bank is in the best position to clarify this issue. Yet, it has neither responded to Kendrick's objection nor offered any explanation in its bill of costs briefing. Given this lack of information, and in light of the Federal Circuit's guidance in *Ortho-Mcneil*, the court finds that a two-thirds reduction in those deposition-related costs is warranted to prevent the risk of duplicative recovery.

In sum, to avoid overcompensating the Bank, the court will exclude the nonrecoverable expenses previously discussed—$2,715.00 for videography and $135.00 for deposition exhibits. A two-third's reduction will be applied to the costs of depositions attended by counsel from *Burnopp* and *Newell*, as well as to the Ingram and Parker depositions, because use of those in the other cases is unclear. No reduction is warranted for the remaining depositions because they appear to have been used exclusively in this case. After these adjustments, the Bank is entitled to recover $5,058.28 in taxable costs. The following chart provides a breakdown by deposition.

| Taxable Costs | |
|---|---:|
| **Deposition Transcript Costs (In Full)** | |
| Hart | $ 1,834.25 |
| O'Rourke | 188.60 |
| Peterson | 156.95 |
| Nelson | 139.40 |
| | |
| **Deposition Transcript Costs (One-Third)** | |
| Kendrick | 895.50 |
| Karavatakis 1 | 649.92 |
| Carney | 391.65 |
| Davis | 314.33 |
| Van Dyke | 151.02 |
| Speare | 129.83 |
| Parker | 86.10 |
| Eldridge | 47.83 |
| Ingram | 39.42 |
| Karavatakis 2 | 33.48 |
| | |
| **Total Taxable Costs** | $ 5,058.28 |

### D. Difficulty and Closeness of Issues Decided

Kendrick asks the court to exercise its discretion to deny the Bank's bill of costs in its entirety, emphasizing the close and difficult nature of the legal issues presented in the case.

"Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, costs should be allowed to the prevailing party unless a federal statute provides otherwise." *Williams v. Metro. Life Ins. Co.*, 609 F.3d 622, 636 (4th Cir. 2010) (internal quotations omitted). Thus, the rule "creates the presumption that costs are to be awarded to the prevailing party." *Cherry*, 186 F.3d at 446. Although the court has the discretion to deny an award of costs, it must "articulat[e] some good reason for doing so" to overcome the presumption. *Id*. (internal citation and quotations omitted). "Among the factors that justify denying an award of costs are: (1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in

9

a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." *Ellis v. Grant Thornton LLP*, 434 Fed. Appx. 232, 235 (4th Cir. 2011) (citing *Cherry*, 186 F.3d at 446). Although the unsuccessful party's "good faith in pursuing an action is a virtual prerequisite to receiving relief from the normal operation of Rule 54(d)(1), that party's good faith, standing alone, is an insufficient basis for refusing to assess costs against that party." *Id.* (internal citation and quotations omitted).

Here, there was no misconduct by the Bank (factor one); Kendrick has not alleged he is unable to pay the costs (factor two); the costs are reasonable and not excessive (factor three); the Bank had all claims against it dismissed (factor four). Kendrick relies solely on the fifth factor—the supposed closeness and difficulty of the issues. He argues that the "fifth factor weighs heavily towards the denial of [the Bank's] Bill of Costs under the circumstances of this case, especially given that there were multiple cases based on similar facts regarding [the Bank's] pattern and practice as it relates to older workers, and [the Bank] was not the prevailing party in each matter." (Dkt. No. 241, 5.) The court is not persuaded. First, Kendrick's characterization as to the Bank not having prevailed in *Burnopp* and *Newell* is misleading—those cases settled and were not resolved on the merits. Their outcomes do not undermine the Bank's prevailing outcome in this case, where it obtained summary judgment. That two other cases settled does not suggest that Kendrick's case was "close," nor does it indicate that the Bank engaged in age discrimination.

Further, a "case's closeness 'is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case.'" *Va. Panel Corp. v. MAC Panel Co.*, 203 F.R.D. 236, 237 (W.D. Va. 2001) (quoting *White & White, Inc. v. Am.*

10

*Hosp. Supply Corp.*, 786 F.2d 728 (6th Cir. 1986)). Even assuming, arguendo, that this case presented close or difficult issues, this factor alone is insufficient to deny costs. *See e.g.*, *Clehm* , No. 7:16-cv-00012, 2018 WL 3978995, at *2 (reasoning that even if the case was close and difficult, that factor alone is not sufficient to deny costs); *see also Va. Panel Corp.*, 203 F.R.D. at 237 (same). Accordingly, the court finds no basis to depart from the presumption in favor of awarding costs. Kendrick has not identified any good reason that would justify a complete denial of the Bank's taxable costs under Rule 54(d).

### III.  CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED as follows:

1. Carter Bank & Trust, Inc.'s bill of costs (Dkt. No. 240) is GRANTED IN PART and DENIED IN PART;

2. Bradford Kendrick's objections to the bill of costs (Dkt. No. 241) are OVERRULED IN PART and SUSTAINED IN PART; and

3. Costs are awarded to Carter Bank & Trust, Inc. in the amount of $5,058.28.

The Clerk is directed to send a copy of this memorandum opinion and order to all counsel of record.

Entered: June 3, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge